UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-00084-CR-LENARD

**UNITED STATES OF AMERICA,**

**v.**

**EVELYN CECILIA BOZON PAPPA,**

    Defendant.
_____/

### ***CASTRO* WARNING**

**THIS CAUSE** is before the Court on Defendant Evelyn Bozon Pappa's Motion for Reduction of Sentence,[1] ("Motion," D.E. 450), in which she requests the Court to reduce the concurrent sentences she received for her convictions on Counts One through Eight from life imprisonment to 240 months' imprisonment, to run concurrent with the 240-month prison sentence she received for her conviction on Count Nine.  She requests that the Court effectuate this sentence reduction by invoking the so-called "Holloway Doctrine" on the grounds that her sentence is too severe.  (Mot. at 1 (citing United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).)  However, the Eleventh Circuit has not recognized the "Holloway Doctrine" as a mechanism for reducing a defendant's sentence.  See United States v. Brewer, CR 696-004, 2017 WL 1407651, at *2 (S.D. Ga. Apr. 19, 2017) ("The Eleventh Circuit has not even addressed the so-called Holloway Doctrine.").  And in any event, Holloway is distinguishable for a number of reasons, most

---

[1] Defendant captioned the Motion as follows: "Defendant's Motion to Reduce Counts One through Eight from Life to 240 Months, and Run Concurrent with Count Nine Through Consideration of the Holloway Doctrine."  (D.E. 450.)

notably in the fact that here the Government opposes the sentence reduction.  See United States v. Wilson, Case No.: 3:07cr132J34MCR, 2017 WL 784611, at *1 (M.D. Fla. Mar. 1, 2017) ("The sentence reduction in Holloway depended entirely on the United States' acquiescence. . . . The 'Holloway Doctrine' . . . has no application to [Defendant's] case because the United States opposes any reduction of [Defendant's] term of imprisonment.").

Rather, a district court's authority to reduce a sentence is circumscribed by 18 U.S.C. § 3582(c).  "Under 18 U.S.C. § 3582(c), a district court may not modify a term of imprisonment once it has been imposed except: (1) upon motion of the Director of the Bureau of Prisons ('BOP'); (2) when 'expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) when the 'term of imprisonment [is] based on a sentencing range that has subsequently been lowered' by an amendment to the Sentencing Guidelines."  United States v. Celedon, 353 F. App'x 278, 280 (11th Cir. 2009).  District courts lack "inherent authority" to modify a sentence.  United States v. Diaz-Clark, 292 F.3d 1310, 1318 (11th Cir. 2002).

Here, the Director of BOP has not moved to modify the term of Defendant's imprisonment, and Defendant does not argue that her term of imprisonment is based on a sentencing range that has been lowered by an amendment to the Sentencing Guidelines. Accordingly, the Court may modify Defendant's sentence "only via (1) Rule 35, or (2) the express statutory authority conferred by 28 U.S.C. § 2255."  Celedon, 353 F. App'x at 280 (citing Diaz-Clark, 292 F.3d at 1316-18).  Rule 35 is inapplicable because the instant Motion was not made (1) within 14 days after sentencing to correct a clear error, or (2) by

the Government to reward Defendant for providing substantial assistance. See Fed. R. Crim. P. 35. Thus, Defendant's Motion is properly construed as one under 28 U.S.C. § 2255. See Gonzalez v. Sec'y for Dept. of Corrs., 366 F.3d 1253, 1260 (11th Cir. 2004) (en banc) ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack."); Castro v. United States, 540 U.S. 375, 377 (2003) ("Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a pro se federal prisoner has labeled differently."); United States v. Schery, 323 F. App'x. 767, 769, (11th Cir. 2009) ("A district court is authorized to recharacterize a pro se motion for relief from a criminal judgment as a § 2255 motion.").

However, because this would be recognized as Defendant's first 2255 Motion under Castro, before converting the Motion to one under Section 2255 the Court must first warn her of the consequences of such a recharacterization and offer her the opportunity to withdraw the pleading in favor of filing a later, more comprehensive 2255 Motion.[2] Castro, 540 U.S. at 383. Accordingly, it is **ORDERED AND ADJUDGED** that:

---

[2] On December 5, 2011, and again on December 19, 2011, Defendant filed a "Motion for Sentence Reduction via Rule 60(b)." (D.E. 441, 445.) On March 29, 2012, the Court entered an Order construing that motion as one under 28 U.S.C. § 2255, and denying the motion as time-barred. (D.E. 448.) However, the Court did not provide a Castro warning. Accordingly, Defendant's prior "Motion for Sentence Reduction via Rule 60(b)" does not count as a previously-filed, or "first," 2255 Motion. Castro, 540 U.S. at 383 (stating that if the district court fails to give the requisite warnings, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions").

1. Plaintiff is hereby **WARNED** that the Court intends to recharacterize her Motion for Reduction of Sentence (D.E. 450) as one under 28 U.S.C. § 2255;

2. Any subsequent Section 2255 Motion will be subject to the restrictions on second or successive motions, see 28 U.S.C. § 2255(h) (providing that a second or successive 2255 Motion must be certified by a panel of the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.");

3. Defendant shall have thirty (30) days from the date of this Order to withdraw the Motion or to amend it so that it contains all the Section 2255 claims she believes she has; and

4.  If Defendant fails to withdraw or amend the Motion within thirty (30) days of the date of this Order, the Court will construe it as one under Section 2255 and take it under consideration.

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of September, 2017.

                                                                    _____
                                                                    **JOAN A. LENARD**
                                                                    **UNITED STATES DISTRICT JUDGE**